1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:10-CV-1970 JCM (RJJ)

BRANCH BANKING AND TRUST
COMPANY,

               Plaintiff,

v.

NEVADA TITLE COMPANY, et al.,

               Defendants.

**ORDER**

Presently before the court is defendant Commonwealth Land Title Insurance Company's (hereinafter "Commonwealth") motion to dismiss for lack of subject matter jurisdiction. (Doc. #14). Plaintiff Branch Banking and Trust Company (hereinafter "Branch Banking") filed an opposition (doc. # 24) and defendant Commonwealth filed a reply (doc. # 30).

Also before this court is defendant Commonwealth's motion to strike the amended complaint. (Doc. #29). Defendant Nevada Title Company filed a joinder to the motion. (Doc. #32). Plaintiff filed an opposition to the motion (doc. #33) and a counter-motion to amend (doc. #42[1]). Defendant Commonwealth filed a reply in support of its motion to strike (doc. #34) and Nevada Title filed a reply in support of its joinder (doc. #36). Both defendants filed oppositions to plaintiff's motion to amend (docs. #35 and #37). Plaintiff filed replies to the oppositions. (Docs. #38 and #39).

---

[1] The court recognizes that the motion to amend is not numbered in sequential order, as it was originally filed with the plaintiff's opposition (doc. #33), but was later given a separate docket number (doc. #42).

1   **Relevant Facts/Underlying State Court Action**

2          On August 26, 2005, Colonial Bank, the predecessor in interest to plaintiff Branch Banking

3   herein, loaned $29,305,250.00 to R&S St. Rose, LLC (hereinafter "St. Rose") to purchase 38 acres

4   of real property in Henderson, NV. (Doc. #1). This loan was secured by a first-priority trust deed

5   against the property. *Id.*

6          Approximately one month later, an entity named R&S St. Rose Lenders, LLC (hereinafter

7   "St. Rose Lenders") loaned St. Rose another $12 million, which was secured by a trust deed second

8   in priority to Colonial Bank's trust deed. Following this, in 2007, St. Rose asked Colonial Bank for

9   additional funding and to "take out" the previous loan. Colonial Bank loaned St. Rose an additional

10  $43,980,000.00, which it secured through another trust deed against the property. St. Rose used the

11  second loan to fully repay the first Colonial Bank loan. (Doc. #12 Exhibit A-5).

12         On July 31, 2007 Commonwealth's co-defendant Nevada Title Company, acting as

13  Commonwealth's agent, issued a loan policy of title insurance to Colonial Bank. (Doc. #14-1 Exhibit

14  D-1). The policy was issued concurrently with the funding of the 2007 loan, but did not disclose the

15  2005 St. Rose Lenders trust deed as an encumbrance on the property. The policy ensures the priority

16  of the Colonial Bank trust deed against all encumbrances on the property that are not disclosed by

17  the policy.

18         On April 3, 2009, two investors in St. Rose Lenders sued in state court for a declaratory

19  judgement that the St. Rose Lenders trust deed had priority over the 2007 Colonial Bank trust deed.

20  (Doc. #12 Exhibit A-1). In response, Colonial Bank filed a separate action in state court seeking,

21  among other things, declaratory judgment that its trust deed had priority over the St. Rose Lenders

22  trust deed. (Doc. #12 Exhibit A-2). On October 1, 2010, plaintiff Branch Banking filed an amended

23  complaint in the underlying action alleging that it succeeded to Colonial Bank's rights by purchasing

24  them from the FDIC following Colonial Bank's failure. (Doc. #12 Exhibit A-5).

25         After the cases were consolidated, Branch Banking lost the lengthy trial, as the judge

26  ultimately ruled that it had failed to demonstrate that it actually purchased the 2007 Colonial Bank

27  trust deed and related rights from the FDIC after Colonial Bank failed. The judge held that Branch

28

**James C. Mahan**
**U.S. District Judge**                                    - 2 -

1  Banking was not the real party in interest, which prevented it from advancing its claims and

2  affirmative defenses that would have permitted it to establish that the 2007 Colonial Bank trust deed

3  had priority over the 2005 St. Rose Lenders trust deed. Branch Banking filed an appeal with the

4  Nevada Supreme Court on September 24, 2010 (doc. #12 Exhibit A-8).

5      Pursuant to the policy (doc. #14-1 Exhibit D-1), defendant Commonwealth agreed to defend

6  Branch Banking against priority disputes such as the one previously discussed. Commonwealth states

7  that it "vehemently disagrees with the trial outcome," as it accepted Colonial Bank's tender of

8  defense under a title insurance policy given in connection with Colonial Bank's 2007 loan. (Doc.

9  #14). Commonwealth paid for the defense and continues to pay for the appeal. *Id.* Commonwealth

10  asserts that it "hopes and believes that [Branch Banking] will prevail in its appeal–and in doing so

11  would moot this action [before this court]." *Id.*

12      In the plaintiff's complaint (doc. #1), it asserts claims for relief against Commonwealth for

13  (1) breach of contract for "failing to tender the amount owed under the [p]olicy," (2) breach of

14  implied covenant of good faith and fair dealing for its "failure to provide [Branch Banking] with a

15  competent and meaningful defense" in the state court action and for "issuing the [p]olicy in a form

16  that did not reflect the true state of the encumbrances on the [p]roperty," (3) bad faith denial of

17  insurance claim for failing to respond to a tender letter, and (4) negligence in issuing the policy. In

18  the amended complaint[2] (doc. #23), plaintiff added a claim for declaratory relief against

19  Commonwealth.

20  **Motion To Dismiss**

21      In the present motion to dismiss (doc. #14), defendant Commonwealth asserts that the case

22  should be dismissed against it because the issues are not ripe for adjudication. The title policy that

23  governs the parties provides that "in the event of any litigation... [Commonwealth] shall have no

24  liability for loss or damages until there has been a final determination by a court of competent

25  jurisdiction, and disposition of all appeals therefrom..." (Doc. #14 Exhibit D-1). Commonwealth

26

27      [2] The court will address the motion to strike the amended complaint (doc. #29) in the
28  appropriate section below.

**James C. Mahan**
**U.S. District Judge**                                                      - 3 -

1   interprets this language to mean that its duty to indemnify Branch Banking will occur "only

2   following the resolution of the underlying appeal and only if [Branch Banking] loses the appeal."

3   (Doc. #14). Further, Commonwealth asserts that its liability is "totally uncertain," rendering the case

4   unripe. *Id.*

5         Commonwealth asserts that since "the essential element of [Branch Banking's] claim may

6   be reversed on appeal, it is logical to require its disposition before it may form the basis for another

7   claim for indemnity." (Doc. #14) (quoting *Romano v. Am. Cas. Co.*, 834 F.2d 968, 970 (11th Cir.

8   1987); *Leitisein v. QBE Ins. Corp.*, 609 F. Supp. 2d 1311, 1312 (s.d. Fla. 2009).

9         The Ninth Circuit has held that a matter is not ripe "if it rests upon contingent future events

10  that may not occur as anticipated, or indeed may not occur at all." *Scott v. Pasadena Unified Sch.*

11  *Dist.*, 306 F.3d 646, 662 (9th Cir. 2002) (quotations omitted). The ripeness doctrine has both a

12  constitutional component and a prudential component. *Thomas v. Anchorage Equal Rights Comm'n*,

13  220 F.3d 1134, 1138 (9th Cir. 2000) (en banc) (quoting *Regional Rail Reorg. Act Cases*, 419 U.S.

14  102, 140 (1974) and *Abbott Labs v. Gardner*, 387 U.S. 136, 148 (1967)). Under the prudential

15  component, the court considers "(a) the hardship that the party seeking relief will suffer from

16  withholding judicial action, and (b) the fitness of the issues in the record for judicial review." *Buono*

17  *v. Kempthrone*, 502 F.3d 1069, 1077 (9th Cir. 2007).

18        Defendant Commonwealth asserts that both of these factors weigh in favor of dismissal. First,

19  it asserts that no hardship exists because it has "undertaken the defense of [Branch Banking] just as

20  the title policy allows," and that regardless of the outcome of the federal case, it will "continue to

21  defend [Branch Banking] in the underlying state action and...appeal." (Doc. #14). Second,

22  Commonwealth asserts that the claims are not "fit" for review because the appeal is pending which

23  could extinguish the plaintiff's present claims.

24        Specifically, Commonwealth asserts that *"if* [Branch Banking] succeeds [in its appeal], [it]

25  will establish a priority claim to the property," and that "Commonwealth, having provided a defense

26  under the operative title policy, will have fulfilled all its duties to [Branch Banking], extinguishing

27  any liability whatsoever." *Id.* Commonwealth relies on the previously cited language in the policy

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    that it shall have "no liability for loss or damage until there has been a final determination...and

2    disposition of all appeals therefrom," in asserting that any obligation to indemnify "will mature only

3    after the resolution of the appeal." (Doc. #14 Exhibit D-1).

4         Thus, it asserts that the claims cannot possibly be "fit" or ripe for adjudication, because they

5    are predicated wholly upon "contingent future events that may not occur..." *Scott*, 306 F.3d at 662.

6    Commonwealth asserts that each claim must be dismissed because they are all based on two

7    principal allegations. The first is for the failure to tender the policy amount (breach of contract) or

8    respond to the tender letter (bad faith denial of insurance claim). The second is when it failed to

9    secure the Colonial Bank 2007 trust deed in first priority position (breach of implied covenant and

10   negligence).

11        Commonwealth asserts that if the appeal is successful, Branch Banking will advance its

12   claims establishing priority, making these claims void. Plaintiff concedes that the claim for breach

13   of contract is predicated on indemnification and is barred, but asserts that the other claims are not

14   contingent and not dependant on the outcome of the appeal. (Doc. #24). As plaintiff has admitted

15   that its breach of contract claim is not ripe, the court need only address the remaining claims.

16        **1.    Breach of Good Faith and Fair Dealing**

17        Plaintiff's claim for breach of the implied covenant of good faith and fair dealing stems from

18   Commonwealth's alleged failure to issue the policy in "a form that reflected the true state of

19   encumbrances on the property" and its failure to "provide a competent and meaningful defense as

20   required by the policy." (Doc. #1). Plaintiff asserts that it lost the state court proceedings due

21   primarily to Commonwealth's insufficient defense, and that it suffered damages because of that loss.

22   *Id.*

23        However, as there is an appeal pending in the state court matter, which could return a

24   favorable outcome for the plaintiff, the court is inclined to dismiss this claim an unripe. *Scott*, 306

25   F.3d at 662. Commonwealth continues to provide a defense for the plaintiff, and plaintiff will have

26   suffered no damages and have no claim for insufficient defense if the appeal is successful. Further,

27   if the appeal is successful, plaintiff's claim regarding the issuance of the policy will be moot.

28

**James C. Mahan**
**U.S. District Judge**

1   Plaintiff will have no damages if the state court is reversed and plaintiff takes a priority over St. Rose

2   Lenders. Therefore, dismissal of this claim is warranted as it is not ripe for adjudication. *Buono*, 502

3   F.3d 1069, 1077.

4          **2.     Bad Faith**

5          Plaintiff asserts a claim for bad faith due to defendant's failure to respond to its insurance

6   claim in accordance with the policy's terms. (Doc. #1). However, this claim is not ripe until the

7   appeal process is complete. *Barnes v. Allstate Ins. Co.*, No. 8:10-cv-2434-T-30MAP, 2010 WL

8   5439754, at *3 (M.D. Fla. Dec. 28, 2010) (holding the "appellate process must be complete before

9   the cause of action for bad faith insurance practice is ripe."); *see also Premcore USA, Inc. v. Am.*

10  *Home Assurance Co.*, 400 F.3d 523, 530 (2005) (holding "that the question of whether a duty to

11  indemnify the insured for a particular liability is only ripe for consideration" after resolution of "the

12  underlying state court action...[and] pending appeal.").

13         As defendant Commonwealth asserts, the claim for bad faith would become ripe only in the

14  event that it denied the insurance claim *after* the appeal, "without any reasonable basis" and with

15  "with knowledge that no reasonable basis exists to deny the claim[3]." As previously stated, the policy

16  that requires Commonwealth to respond and become liable for plaintiff's insurance claim, plainly

17  states that Commonwealth "shall have no liability..until there has been a final determination...and

18  disposition of all appeals therefrom..." (Doc. #14 Exhibit D-1)**.** Thus, plaintiff cannot asserts a claim

19  of bad faith until *after* the outcome of the appeal.

20         **3.     Negligence**

21         Plaintiff asserts that defendant Commonwealth was negligent by not using reasonable care

22  when it issued the policy, causing damages. (Doc. #1). This claim is barred by the economic loss

23  doctrine that prevents plaintiffs from recovering economic losses in tort "absent personal injury or

24

25       [3] In Nevada, common law "bad faith exists where an insurer [1] denies a claim [2] without
    any reasonable basis and [3] with knowledge that no reasonable basis exists to deny the claim."

26  *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburg*, 863 F. Supp. 1237, 1243
    (D. Nev. 1994) (citing *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (1993); *Am. Excess Ins.*

27  *Co. v. MGM Grand Hotels, Inc.*, 729 P2.d 1352, 1354 (1986); *United States Fid. & Guar. Co. v.*

28  *Peterson*, 540 P.2d 1070 (1975)) (emphasis supplied).

**James C. Mahan**
**U.S. District Judge**

1  damages to property other than the defective entity itself." *Virgin Valley Water Dist. v. Vanguard*

2  *Piping Systems (Canada), Inc.*, 2011 WL 167536, at \*2 (D. Nev. Jan. 19, 2011) (quoting *Colloway*

3  *v. City of Reno*, 933 P.2d 1259, 1267 (Nev. 2000) (overruled on other grounds by *Olson v. Richard,*

4  89 P.3d 31 (Nev. 2004) (en banc)).

5       As plaintiff is seeking only monetary relief "in an amount to be determined at trial" and does

6  not assert that it suffered any personal injury or damage to property as a result of the negligence, the

7  economic loss doctrine bars plaintiff's claim[4]. *Id.*

8            **4.       Declaratory Relief/Amended Complaint**

9       In plaintiff's amended complaint (doc. #23), it adds a claim for declaratory relief against

10  Commonwealth, asking this court to declare that it is the owner of the policy, that it succeeded to

11  Colonial Bank's right to bring claims arising from the policy, that the claims and issues asserted in

12  the state action are covered by the policy, and that it is the successor-in-interest as to Colonial Bank's

13  interest in and to the 2007 loan. (Doc. #23). In its motion to strike (doc. #29), defendant

14  Commonwealth asserts that the amended complaint should be stricken because it was added without

15  the court's approval as required by Federal Rule of Civil Procedure 15(a).

16       Plaintiff filed its original complaint on November 11, 2010 (doc. #1), and served defendant

17  Commonwealth on November 16, 2010 (doc. #4), and Nevada Title on November 18, 2010 (doc.

18  #5). Defendant Nevada Title filed a motion to dismiss on December 6, 2010 (doc. #10), and

19  defendant Commonwealth filed a motion to dismiss on December 17, 2010 (doc. #14). On January

20  13, 2011, plaintiff filed an amended complaint (doc. #23) adding the declaratory relief claim against

21  defendant Commonwealth.

22       Under Federal Rule of Civil Procedure 15, a plaintiff may, without leave of court, amend its

23  complaint once within 21 days of service so long as the defendant has not filed an responsive

24

25       [4] The court recognizes that some jurisdictions impose tort liability on title insurers "for

26  negligence in searching records" under a claim for abstractor-liability, but as plaintiff has not
     asserted such a claim, the court need not address it. *E.g., Greenberg v. Stewart Title Guar. Co.,* 492

27  N.W.2d 147, 150 (Wis. 1992). Further, a claim under this principal would fail because the Nevada
     Supreme Court is among the jurisdictions that do not recognize abstractor-liability.

28

**James C. Mahan**
**U.S. District Judge**                                             - 7 -

1   pleading. Here, it is clear that 21 days had passed between the service of the complaint (docs. #4 and

2   #5) and the filing of the amended complaint (doc. #23), and that the filing of the amended complaint

3   (doc. #23) was *after* the filing of the defendants' motions to dismiss (doc. #10 and 14). Plaintiff

4   failed to seek leave of the court before filing the amended complaint, as it filed a motion to amend

5   the complaint (doc. #42) on February 8, 2011, only after the motion to strike (doc. #29) was filed.

6   Therefore, as the plaintiff did not seek leave of the court to file its amended complaint, it is stricken,

7   thereby striking the claim for declaratory relief against Commonwealth.

8           Thus, defendant Commonwealth's motion to strike the amended complaint (doc. #29) is

9   granted and plaintiff's motion to amend its complaint is denied (doc. #42).

10          Accordingly,

11          IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Commonwealth

12  Land Title Insurance Company's motion to dismiss (doc. #14) be, and the same hereby is,

13  GRANTED.

14          IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is,

15  DISMISSED against defendant Commonwealth Land Title Insurance Company, without prejudice.

16          IT IS FURTHER ORDERED that defendant Commonwealth's motion to strike plaintiff's

17  amended complaint (doc. #29) be, and the same hereby is, GRANTED.

18          IT IS THEREFORE ORDERED that plaintiff's amended complaint (doc. #23) be, and the

19  same hereby is, STRICKEN.

20          IT IS FURTHER ORDERED that plaintiff's motion to amend complaint (doc. #42) be, and

21  the same hereby is, DENIED.

22          DATED April 13, 2011.

23

24  _____
    UNITED STATES DISTRICT JUDGE

25

26

27

28

**James C. Mahan**
**U.S. District Judge**