UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,

v.

NEVADA TITLE COMPANY, et al.,

        Defendants.

2:10-CV-1970 JCM (RJJ)

**ORDER**

Presently before the court is defendant Nevada Title Company's motion to dismiss, or in the alternative stay. (Doc. #10). Plaintiff Branch Banking and Trust Company (hereinafter "Branch Banking") filed an opposition. (Doc. # 22). Defendant Nevada Title filed a reply. (Doc. #31).

**Relevant Facts/Underlying State Action**

The case before this court arises from a state action, where plaintiff Branch Banking's predecessor, Colonial Bank, filed a complaint seeking, among other things, declaratory judgment that its trust deed had priority over R&S St. Rose Lenders, LLC's (hereinafter "St. Rose Lenders") trust deed on the property in question. (Doc. #12 Exhibit A-2). Subsequently, plaintiff Branch Banking filed an amended complaint in the underlying action alleging that it succeeded to Colonial Bank's rights by purchasing them from the FDIC following Colonial Bank's failure. (Doc. #12 Exhibit A-5).

According to the present motion (doc. #10), Colonial Bank had loaned $29,305,250.00 to R&S St. Rose, LLC (hereinafter "St. Rose") to purchase 38 acres of real property in Henderson, NV. This loan was secured by a first-priority trust deed against the property. *Id.* Approximately one

**James C. Mahan**
**U.S. District Judge**

month later, St. Rose Lenders loaned St. Rose another $12 million, which was secured by a trust deed second in priority to Colonial Bank's trust deed. Following this, in 2007, St. Rose asked Colonial Bank for additional funding and to "take out" the previous loan. Colonial Bank loaned St. Rose an additional $43,980,000.00, which it secured through another trust deed against the property. St. Rose used the second loan to fully repay the first Colonial Bank loan. (Doc. #12 Exhibit A-5).

After a lengthy trial, the judge held that Branch Banking had failed to demonstrate that it actually purchased the 2007 Colonial Bank trust deed and related rights from the FDIC after Colonial Bank failed. The judge held that Branch Banking was not the real party in interest, which prevented it from advancing its claims and affirmative defenses that would have permitted it to establish that the 2007 Colonial Bank trust deed had priority over the 2005 St. Rose Lenders trust deed. Branch Banking filed an appeal with the Nevada Supreme Court on September 24, 2010 (doc. #12 Exhibit A-8).

**Federal Action**

Prior to the state court action and Branch Banking's alleged purchase of Colonial Bank's rights, on July 31, 2007, defendant Nevada Title, acting as co-defendant Commonwealth Land Title Insurance Company's (hereinafter "Commonwealth") agent, issued a loan policy of title insurance to Colonial Bank. (Doc. #14-1 Exhibit D-1). The policy was issued concurrently with the funding of the 2007 Colonial Bank loan, but did not disclose the existence of a 2005 St. Rose Lenders trust deed as an encumbrance on the property. The policy ensures the priority of the Colonial Bank trust deed against all encumbrances on the property that are not disclosed by the policy.

In the case before this court, plaintiff Branch Banking filed a complaint (doc. #1) against defendants Nevada Title and Commonwealth, seeking both compensatory and punitive damages, and declaratory relief. Plaintiff asserts several claims for relief against defendant Nevada Title, including (1) breach of contract for not "removing the [St. Rose Lenders trust deed] from the title to the property prior to distributing the 2007 [l]oan proceeds," (2) breach of the implied covenant of good faith and fair dealing regarding the escrow instructions, (3) detrimental reliance with regards to the escrow instructions, (4) declaratory relief, and (5) negligence. (Doc. #1).

1    Defendant Nevada Title asserts that all of plaintiff's claims depend upon whether Branch
2 Banking is the successor in interest to Colonial Bank for the 2007 Colonial Bank trust deed and
3 Colonial Bank's potential claims and actions against third parties.

**Motion to Dismiss/Collateral Estoppel**

In the present motion to dismiss (doc. #10), Nevada Title asserts that the collateral estoppel doctrine requires dismissal of the complaint against it (doc. #1). Specifically, Nevada Title asserts that the issue of whether Branch Banking was the successor in interest has been previously litigated in state court and, as such, Branch Banking is precluded from re-litigating the issue. Moreover, Nevada Title asserts that since the state court action determined as a matter of law that Branch Banking was *not* the successor in interest and could *not* bring law suits or claims against third parties on behalf of Colonial Bank, it cannot bring the present claims against Nevada Title.

Federal courts are "specifically required...to give preclusive effect to state court judgments whenever the courts of the state from which the judgment emerged would do so." *In re Marshall*, 600 F.3d 1037, 1037 (9th Cir. 2010). "[O]nce a court has decided an issue of fact or law necessary to its judgement, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.*

In order for a party to establish collateral estoppel under Nevada law, it must demonstrate that "(1) [t]he issue decided in the prior litigation [is] identical to the issue presented in the current action; (2) [t]he initial ruling [was] decided on the merits and [has] become final; (3) [t]he party against whom the judgment is asserted [was] a party or in privity with a party to the prior litigation; and (4) [t]he issue [was] actually and necessarily litigated." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (citations omitted).

**A.    Identical Issues**

Nevada Title asserts that the first element of issue preclusion is satisfied because the court in the state action "already tried the exact issues and allegations which [Branch Banking] is asking this [c]ourt to decide." (Doc. #10). Nevada Title asserts that the issues of (1) whether Branch Banking is the successor in interest to Colonial regarding the 2007 Colonial trust deed and (2)

James C. Mahan
U.S. District Judge

- 3 -

1  whether Colonial assigned to Branch Banking Colonial's rights to bring law suits or claims against
2  third parties were already decided by the state court and cannot be re-litigated here.
3        Specifically, Nevada Title asserts that in the findings of fact and conclusions of law (doc. #12
4  Exhibit A-7), the judge held that "[Branch Banking] has not demonstrated it is a successor in interest
5  with the ability to assert these claims," that its "ability to assert these clams...would have to arise
6  from the rights it acquired as an asset purchaser pursuant to the August 14, 2009, Purchase and
7  Assumption Agreement (hereinafter "assumption agreement")," and that the assumption agreement
8  "specifically excluded actions and claims against any individual, corporation, partnership, joint
9  venture, association, joint-stock company, trust, unincorporated organization or government or any
10 agency or political subdivision thereof, from the Colonial Bank assets purchased from the FDIC."
11       Therefore, plaintiff asserts the first element is satisfied. Branch Banking argues that the issues
12 are not identical because Nevada Title was not a party in the underlying action, Nevada Title's
13 liability was never considered nor determined, and evidence will be available to this court that was
14 not considered by the state court. First, it is not required that Nevada Title was a party in the previous
15 litigation, as issue preclusion requires only that "[t]he party *against whom the judgment is asserted*
16 [was] a party or in privity with a party to the prior litigation." *Five Star*, 194 P.3d 709, 713.
17 (Emphasis added).
18       Second, the court recognizes that the liability of Nevada Title was never litigated, but relies
19 on the court in *Clark v. Clark,* 80 Nev. 52, 56 (1964), when it held that "[i]ssue preclusion may apply
20 even though the causes of action are substantially different if the same fact issue is presented." Here,
21 in order for Branch Banking to have standing to bring its claims, it must have acquired that right
22 from its predecessor Colonial Bank. As the state court determined that it *did not* acquire those rights,
23 this court is unable to address the liability claims against Nevada Title, because Branch Banking does
24 not have the right to bring such claims.
25       Third, with regards to the "new" evidence that plaintiff purports demonstrates its rights
26 acquired from Colonial Bank, this court is not inclined to agree that it is either "new," was
27 improperly excluded, or will cure the defects of the assumption agreement. It is clear from the record
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  that Branch Banking argued at the state court level that "[i]f [the assumption agreement] doesn't
2  transfer [the rights], then nothing else has any legal effect, because this is the...operative document."
3  (Doc. #31). Now, however, plaintiff is asserting that "new" evidence exists in the form of an October
4  23, 2009 "Assignment of Security Instruments and Other Loan Documents" (hereinafter "2009
5  assignment") (doc. #22-1) that transfers these rights.

6  However, the state court had excluded this document after the plaintiffs in the case objected
7  to its admission, because it was offered *after* Branch Banking had closed its case and after a rule 52
8  motion was made. (Doc. #22-4 Transcript of Evidentiary Hearing). The judge held that if over the
9  past three months the 2009 assignment "was something counsel thought was important for [her] to
10 make a determination regarding the relationship between Colonial Bank and the [Branch Banking]
11 entities that it would have been disclosed at least at some point prior to today." (Doc. #22-3).
12 Further, the record indicates that the document was in existence prior to its production, and that
13 Branch Banking was aware of its existence.[1] This court agrees with the state court, that if the
14 document was detrimental to the court's determination, it would have been provided earlier, and
15 therefore was properly excluded.

16 Additionally, upon review of the 2009 assignment (doc. #22-1), i.e. the "new evidence," the
17 court agrees with Nevada Title that it does not address the exclusion in the assumption agreement
18 of "rights, actions, or claims against others whose action or inaction may be related to a loss." The
19 evidence is not new and does not present the court with a new issue to litigate.

20 **B.      Ruling on the Merits/Final Ruling**

21 The underlying state court action was decided on the merits and was a final ruling. This is
22 evidenced by the undisputed fact that the ruling was delivered by the judge after the plaintiff had
23 rested and a rule 52 motion was made. (Docs. #10, #22, and #31). The judge dismissed the complaint
24 because Branch Banking had not acquired Colonial Bank's right to bring claims. (Docs. #10 and #12

---

[1] The 2009 assignment was executed on October 23, 2009, and recorded in Clark County on November 3, 2009. The document indicates on the front page that it was to be returned to Branch Banking after recording. Despite all of this, the document was never produced in discovery or provided to the court until the evidentiary hearing in March of 2010.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  Exhibit A-7). Federal Rule of Civil Procedure 41(b) provides that a dismissal of this nature operates
2  as an adjudication on the merits. Further, the fact that plaintiff appealed the decision supports the
3  conclusion that it was a final ruling. This element is satisfied for purposes of issue preclusion. *Five*
4  *Star*, 194 P.3d 709, 713.

### C. Party or In Privity With A Party In the Prior Litigation

There is no dispute that plaintiff Branch Banking was a party in the underlying state court action and that it actively participated in the case. (Docs. #10, #22, and #31). Therefore, this element is satisfied. *Five Star*, 194 P.3d 709, 713.

### D. Issue Was Actually Litigated

The final element required is that the issue of whether Branch Banking is the successor in interest with a right to bring suit was actually and necessarily litigated in the state court action. *Five Star*, 194 P.3d 709, 713. As previously stated, the state court judge specifically concluded that Branch Banking "has not demonstrated that it is a successor in interest with the ability to assert these claims," "has not demonstrated that it has been assigned the interest in the 2007 Colonial Bank [d]eed of [t]rust and therefore has not shown it has the ability to assert the claims presented," that the "ability to assert claims...would have to arise from the rights acquired as an asset purchaser," and that the assumption agreement "specifically excluded actions and claims against any individual, corporation, partnership, joint venture, association, joint-stock company, trust, unincorporated organization or government or any agency or political subdivision thereof, from the Colonial Bank assets purchased from the FDIC." (Doc. #12 Exhibit A-7).

Therefore, as the judge made findings of fact and conclusions of law regarding the issue of whether Branch Banking acquired the right to bring such claims, this element is satisfied. *Five Star*, 194 P.3d 709, 713.

**Request To Stay**

In defendant Nevada Title's motion (doc. #10), it asks this court, in the alternative, to stay the present case under the "wise judicial administration" rule, because a failure to do so would be a "waste of judicial resources." *Turf Paradise, Inc. v. Arizona Downs,* 670 F.2d 813, 820-21 (9th Cir.

James C. Mahan
U.S. District Judge

- 6 -

1982) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817-18, 96 S. Ct. 1236, 1246-47 (1976)). Nevada Title asserts that if the "Nevada Supreme Court upholds the state court's finding, then [Branch Banking] is not the successor in interest to the 2007 Colonial [trust deed] and does not have the right to bring a claim against Nevada Title[,] and that collateral estoppel will apply to dismiss the instant action against Nevada Title." (Doc. #10).

The court is not inclined to stay the present case, and in the event the appeal is successful, plaintiff Branch Banking will have acquired the right to bring the present action and may do so at that time.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Nevada Title Company's motion to dismiss (doc. #10) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the above captioned case be, and the same hereby is, DISMISSED without prejudice as to defendant Nevada Title Company.

DATED April 13, 2011.

_____
**UNITED STATES DISTRICT JUDGE**