1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7   BRANCH BANKING AND TRUST COMPANY,    2:10-CV-1970 JCM (RJJ)
8
9           Plaintiff,
10  v.
11  NEVADA TITLE COMPANY, et al.,
12          Defendants.
13
14                          **ORDER**

15       Presently before the court is plaintiff Branch Banking and Trust Company's (hereinafter: "BB&T") motion to alter or amend the judgment (doc. # 50). Defendant Nevada Title Company (hereinafter: "Nevada Title") filed a response (doc. #54). Plaintiff BB&T replied (doc.#55).

18       This case stems from a state action, where BB&T's predecessor, Colonial Bank, filed a complaint seeking declaration that its trust deed has priority over R&S St. Rose Lenders, LLC's (hereinafter: "St. Rose Lenders") trust deed (doc. # 12, Ex. A-2). In 2005, Colonial Bank loaned $29,305,250.00 to R&S St. Rose, LLC (hereinafter: "St. Rose") to purchase 38 acres of real property in Henderson, NV, which was secured by a first-security trust deed against the property (doc. #10). A $12,000,000 loan was given by St. Rose Lenders to St. Rose one month later, which was secured as second in priority. In 2007, Colonial Bank then loaned St. Rose an additional $43,980,000 to "take out" the previous loan. This loan was used to fully pay off the first Colonial Bank loan, and was secured through another trust deed against the property. In 2009, there was a purchase and assumption agreement between the FDIC and BB&T which set forth those assets purchased by the

**James C. Mahan**
**U.S. District Judge**

1 assuming bank, as well as those excluded from the sale (*see* doc. #50 at 6-7).

2 **I.  PROCEDURAL HISTORY**

3 At trial in state court, the judge held BB&T failed to prove that it had actually purchased the 2007 Colonial Bank trust deed after Colonial Bank failed. Therefore, BB&T was not the real party in interest, and could not establish that the 2007 Colonial Bank trust deed had priority over the 2005 St. Rose Lenders trust deed. BB&T appealed to the Nevada Supreme Court on September 24, 2010 (doc. #12, Ex. A-8).

Prior to the state court action, and BB&T's alleged purchase of the 2007 Colonial Bank trust deed, Nevada Title acted as an agent for Commonwealth Land Title Insurance Company (hereinafter: "Commonwealth") and issued a loan policy of title insurance to Colonial Bank (doc. # 14-1, Ex. D-1). The policy ensured the priority of the Colonial Bank trust deed against all encumbrances on the property not mentioned in the policy, such as the 2005 St. Rose Lenders trust deed.

In the case before this court, BB&T filed a complaint (doc. #1) against defendants Nevada Title and Commonwealth asserting five claims for relief: (1) breach of contract for not removing the St. Rose Lenders trust deed from the title to the property prior to distributing the 2007 loan proceeds; (2) breach of the implied covenant of good faith and fair dealing regarding the escrow instruction; (3) detrimental reliance with regards to the escrow instructions; (4) declaratory relief; and (5) negligence. Nevada Title's motion to dismiss (doc. #10) was granted on the grounds that BB&T had already litigated the issue in state court, and collateral estoppel precluded BB&T from relitigating the issue (doc. #49). BB&T's complaint was dismissed without prejudice.

BB&T now moves to alter or amend the judgment, asserting that "the [c]ourt made an unnecessary and erroneous finding when it found that an '[a]ssignment of [s]ecurity [i]nstruments and [o]ther [l]oan [d]ocuments' from the Federal Deposit Insurance Corporation to BB&T. . . was insufficient to address a section of the [p]urchase and [a]ssumption [a]greement relating to excluded assets." (doc. #50). Moreover, "BB&T submits that this [c]ourt's dismissal without prejudice will be effectively rendered a dismissal with prejudice unless the [o]rder is amended to omit discussion of the substantive effect of the 2009 [a]ssignment." (doc. # 55).

**James C. Mahan**
**U.S. District Judge**

- 2 -

## II.  MOTION TO ALTER OR AMEND JUDGMENT (DOC. #50)

Pursuant to Federal Rule of Civil Procedure 52, ". . . the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Additionally, "[r]ule 59 provides a mechanism by which a trial judge may alter, amend, or vacate a judgment." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1249 (9th Cir. 1980). Also, rule 60 allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, motion, or on its own, with or without notice." Fed. R. Civ. P. 60(a).

In the order granting Nevada Title's motion to dismiss (doc. #49), this court found that the 2009 assignment "does not address the exclusion in the purchase and assumption agreement of 'rights actions, or claims against others whose action or inaction may be related to a loss.'" BB&T argues that such a finding was unnecessary and erroneous, and should be removed from the record because "it was neither an 'identical' issue decided in the state court nor an issue that was 'actually and necessarily litigated.'" (doc. #50).

This court does not agree that the finding was either unnecessary or erroneous. In its opposition to the motion to dismiss (doc. #22), BB&T asked for the new evidence (the 2009 purchase and assumption agreement) to be considered as proof that collateral estoppel did not apply. The court considered the evidence, and found that collateral estoppel still applied. Therefore, BB&T's motion to alter or amend the judgment is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Branch Banking and Trust Company's motion to alter or amend judgment (doc. #50) be, and the same hereby is, DENIED.

DATED August 3, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**